**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Curtis Eugene MITCHELL, a.k.a.**
**Paradise, Defendant–**
**Appellant.**

**No. 08–16424**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 25, 2009.

---

Morad Fakhimi, Brian Jerrard, Macon, GA, for Defendant–Appellant.

Dean S. Daskal, U.S. Attorney's Office, Columbus, GA, for Plaintiff–Appellee.

Before EDMONDSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Curtis Eugene Mitchell, a federal prisoner convicted of a crack cocaine offense, appeals the denial of his motion for a sentence reduction, 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines.[1] No reversible error has been shown; we affirm.

The district court denied the section 3582(c)(2) motion because Mitchell had received the statutory mandatory minimum sentence. On appeal, Mitchell argues that the mandatory minimum—which operated to deny him a sentence reduction under Amendment 706—violates principles of equal protection and due process because the crack-to-powder cocaine sentencing ratio is unrelated to a legitimate state interest.

We review the denial of a section 3582(c)(2) motion for an abuse of discretion. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir.2005). But we review Mitchell's constitutional claim only for plain error because he did not raise it in the district court. *Id.* at 1220.

A district court may reduce a term of imprisonment for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). But a defendant who initially was sentenced to the statutory minimum is ineligible for a reduction under Amendment 706 and section 3582(c)(2). *United States v. Williams*, 549 F.3d 1337, 1342 (11th Cir. 2008). Thus, because Mitchell received the mandatory minimum sentence, the district court abused no discretion in denying the section 3582(c)(2) motion; Amendment 706 did not have the effect of lowering his guidelines range. *See* U.S.S.G. § 1B1.10, cmt. n. 1(A) (noting that "the operation of another guideline or statutory provision," such as "a statutory mandatory minimum term of imprisonment," would prevent Amendment 706 from "hav[ing] the effect of lowering the defendant's applicable guideline range").

About Mitchell's due process and equal protection claim, constitutional challenges to an original sentence are not cognizable under section 3582(c)(2). *See United States v. Bravo*, 203 F.3d 778, 780–82 (11th Cir.2000) (concluding that a district court had no jurisdiction in a section 3582(c)(2) proceeding to consider a defendant's claim that his sentence constituted cruel and unusual punishment). Thus, the district court committed no plain error in denying the section 3582(c)(2) motion.

AFFIRMED.

---

1. Amendment 706—which became retroactive on 3 March 2008, U.S.S.G.App. C, Amend. 713 (Supp. 1 May 2008)—reduced by two the base offense levels in crack cocaine sentences calculated pursuant to the drug quantity table, U.S.S.G. § 2D1.1(c).